**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION**

| | | |
|---|---|---|
| **SYBASE, INC.** | § | |
| | § | |
| **Plaintiff** | § | |
| | § | |
| vs. | § | **CASE NO. 608 CV 24** |
| | § | |
| **VERTICA SYSTEMS, INC.** | § | |
| | § | |
| **Defendant** | § | |

**MEMORANDUM OPINION AND ORDER**

Before the Court is Defendant Vertica Systems, Inc.'s ("Vertica") Motion to Transfer Venue (Docket No. 11). After careful consideration of the parties' written submissions, the Court **DENIES** Vertica's motion.

**BACKGROUND**

Plaintiff Sybase, Inc. ("Sybase") accuses Vertica of infringing U.S. Patent No. 5,794,229 ("'229 patent), titled "Database System With Methodology for Storing a Database Table by Vertically Partitioning All Columns of the Table." Sybase is located in California, and Vertica is located in Massachusetts. The named inventors of the '229 patent are Peter White and Clark French, neither of whom reside in this District. Mr. White resides in Andover, Massachusetts, and Mr. French resides in Maryland. Vertica moved to transfer this case to the District of Massachusetts for the convenience of the parties and witnesses.

**APPLICABLE LAW**

"For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28

U.S.C. § 1404(a). The first determination to be made under 28 U.S.C. § 1404(a) is whether the claim could have been filed in the judicial district to which transfer is sought. *In re Volkswagen AG*, 371 F.3d 201, 203 (5th Cir. 2004). If so, under § 1404(a), a court examines "the convenience of the parties and witnesses." *Id*. The convenience determination involves examining several private and public interest factors, none of which are given dispositive weight. *Id*.

The private factors include: (1) the relative ease of access to sources of proof; (2) the availability of the compulsory process to secure witnesses' attendance; (3) the willing witnesses' cost of attendance; and (4) all other practical problems that make the case's trial easy, expeditious, and inexpensive. *Id*. The public factors include: (1) the administrative difficulties flowing from court congestion; (2) the local interest in having local issues decided at home; (3) the forum's familiarity with the governing law; and (4) the avoidance of unnecessary conflict of law problems involving foreign law's application. *Id*.

A court should also consider the plaintiff's forum choice, but the plaintiff's forum choice by itself is not conclusive or determinative. *In re Horseshoe Entm't*, 337 F.3d 429, 434 (5th Cir. 2003). *But see Gulf Oil Corp. v. Gilbert*, 330 U.S. 501, 508 (1947) ("But unless the balance is strongly in favor of the defendant, the plaintiff's choice of forum should rarely be disturbed."); *Syndicate 420 at Lloyd's London v. Early Am. Ins. Co.*, 796 F.2d 821, 828 (5th Cir. 1986) ("Once the Court has determined that an adequate, available forum exists, the next step is to proceed to a balancing of the public and private interest factors, bearing always in mind that 'unless the balance is strongly in favor of the defendant, the plaintiff's choice of forum should rarely be disturbed.'") (quoting *Gulf Oil*, 330 U.S. at 508). A court must consider these factors in light of all the claims alleged in the case and not restrict its analysis to only the plaintiff's claims. *In re Volkswagen AG*,

371 F.3d at 204. The movant bears the burden of proof in demonstrating that transfer is warranted. *Z-Tel Commc'ns, Inc. v. SBC Commc'ns, Inc.*, 331 F. Supp. 2d 567, 570 (E.D. Tex. 2004) (Folsom, J.) (citing *Time, Inc. v. Manning*, 366 F.2d 690, 698 (5th Cir. 1966)).

## ANALYSIS

Neither party disputes that venue would be proper in the District of Massachusetts; thus the sole issue is the convenience of the witnesses and parties. *See In re Volkswagen*, 371 F.3d at 203.

**Private Interest Factors**

*Relative ease of access to sources of proof*

Vertica contends that transfer to the District of Massachusetts is warranted because the technology was invented in Massachusetts and "all the accused infringing acts" occurred in Massachusetts. Neither of these reasons support transfer. First, the location of alleged infringing acts determines whether venue is proper. Vertica did not challenge personal jurisdiction or venue in the Eastern District of Texas; thus, it tacitly agreed that at least some of the accused infringement occurred in the Eastern District. Therefore, it is improper for Vertica to claim that all the infringing activities occurred in Massachusetts.

Second, transferring the case to where the technology was invented does not mean document production would be less burdensome. Vertica does not explain how transferring this case to the District of Massachusetts would make document production less burdensome on either party. *See, e.g.*, *Network-1 Sec. Solutions, Inc. v. D-Link Corp.*, 433 F. Supp. 2d 795, 799 (E.D. Tex. 2006) (Davis, J) (giving little weight to document production), *mandamus denied*, *In re D-Link Corp.*, 183 Fed. Appx. 967 (Fed. Cir. 2006). Sybase is located in California, and Vertica is located in Massachusetts. Thus, irregardless of forums, the parties would necessarily engage in transcontinental document exchanges. Accordingly, this factor does not support transfer.

*Availability of compulsory process*

Vertica contends this is a unique case where one of the co-inventors, Peter White, and Vertica reside in the same district—the District of Massachusetts. The only non-party witness identified by Vertica is Mr. White, who is not subject to compulsory process in Texas but is in Massachusetts. Vertica claims that Mr. White's live testimony regarding the state of the art is critical to its defense of invalidity and that a videotape deposition will not suffice at trial.

To quell Vetica's concerns regarding Mr. White, Sybase offered Mr. White's declaration, where he promises to make himself available for trial in the Eastern District of Texas. Docket No. 18, Decl. of Peter W. White ¶ 3. Mr. White further agrees to have subpoenas to compel trial attendance or depositions served on his counsel, who is also Sybase's counsel in this matter. *Id*. Sybase also offered Mr. French's declaration where Mr. French promises to make himself available for trial in the Eastern District and designates Sybase's counsel to accept subpoenas. Docket No. 18, Decl. of Clerk D. French ¶ 3.

In its opening motion Vertica stated "[it] will need to put at least one of the inventors of the '229 patent on the stand." Docket No. 11. Vertica does not explain why Mr. White's testimony would be more critical than his co-inventor's. It is undisputed that the District of Massachusetts would be unable to compel Mr. French to appear at trial as he resides in Maryland. Thus, based on the declarations of the only named non-party witnesses, the Eastern District is the only forum where both co-inventors have agreed to appear. Although this factor weighs in favor of transfer as to Mr. White, because the agreements of both named non-party witnesses to appear in this forum mitigates the need for compulsory process, this factor is neutral.

*Willing witnesses' cost of attendance*

Vertica contends that all of its witnesses reside within driving distance of the Massachusetts

courthouse as does Mr. White; thus, transfer would greatly reduce the cost of attendance for Vertica and Mr. White.  As to Vertica, transferring this case to Massachusetts would simply shift the cost and inconvenience to Sybase, who is located in California; shifting of inconveniences does not support transfer.  *See Amni Innovation Corp. v. Bank & Estate Liquidators, Inc.*, 512 F. Supp. 2d 1039, 1042 (S.D. Tex. 2004) ("A court should not transfer a case if the only practical effect is to shift inconvenience from the moving party to the nonmoving party.") (internal citations omitted).

As to Mr. White, his agreement to attend trial manifests that trial in the Eastern District will not inconvenience him.  Vertica cannot invoke Mr. White's cost of travel as a reason to transfer when Mr. White agrees to travel to this forum.  Accordingly, this factor does not support transfer.

*All other practical problems that make the case's trial easy, expeditious, and inexpensive*

Vertica contends that "conducting a trial in Massachusetts within 30 miles of all relevant activities and key witnesses would be both easy and inexpensive." Docket No. 21 at 4.  As noted above, as Vertica acquiesced to jurisdiction and venue in the Eastern District, it cannot now argue that none of the activities took place here.  Also, the co-inventors, who Vertica identifies as critical witnesses, have agreed to attend trial in this District.  Coupled with this District's Local Patent Rules, this factor does not support transfer.

**Public Factors**

*Administrative difficulties flowing from court congestion*

Vertica contends that this Court's docket is congested, and thus transfer is warranted.  This case is set for *Markman* Hearing on November 5, 2009 and for trial on June 14, 2010.  This Court is rarely faced with issues of congestion, and Vertica makes no showing that the District of Massachusetts offers a less congested docket.  This factor does not support transfer.

5

*Local interest in having local issues decided at home*

Vertica contends that Massachusetts has a greater interest in this litigation as the technology was invented there and all the alleged activities occurred there. As noted above, Vertica's statement regarding the alleged infringing activities is unfounded. Sybase alleged that infringing activities occurred in the Eastern District; these potential acts of infringement affect this District's residents as well as Massachusetts's residents. Accordingly, this factor is neutral.

*Forum's familiarity with the governing law and Avoidance of unnecessary conflict of law problems*

Both parties agree that these factors are inapplicable under these facts.

**Balancing of the Factors**

None of the factors weigh in favor of transfer. While transfer may be more convenient for Vertica, the shifting of inconveniences between parties does not support transfer. *See Amni Innovation Corp.*, 512 F. Supp. 2d at 1042. The only named non-party witnesses, Mr. White and Mr. French, agree to be available for trial in the Eastern District. This forum does not appear to be inconvenient for those non-party witnesses. Accordingly, transfer is not warranted.

## CONCLUSION

For the aforementioned reasons, the Court **DENIES** Vertica's motion.

**So ORDERED and SIGNED this 9th day of June, 2008.**



    **LEONARD DAVIS**
    **UNITED STATES DISTRICT JUDGE**