IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | | |
|---|---|---|
| **SYBASE, INC.** | § | |
| | § | |
| **Plaintiff** | § | |
| | § | |
| vs. | § | CASE NO.  6:08 CV 24 |
| | § | |
| **VERTICA SYSTEMS, INC.** | § | |
| | § | |
| **Defendant** | § | |

### MEMORANDUM OPINION AND ORDER

Before the Court are Plaintiff Sybase, Inc.'s Motion for Leave to Serve Amended Infringement Contentions (Docket No. 53), Plaintiff Sybase, Inc.'s Motion for Leave to File First Amended Complaint for Patent Infringement (Docket No. 51), and Defendant Vertica Systems, Inc.'s Motion for Leave to Supplement its Invalidity Contentions (Docket No. 97).  Having considered the parties' written submissions, Plaintiff Sybase, Inc.'s Motion for Leave to Serve Amended Infringement Contentions (Docket No. 53) is **DENIED**, Plaintiff Sybase, Inc.'s Motion for Leave to File First Amended Complaint for Patent Infringement (Docket No. 51) is **DENIED** as moot, and Defendant Vertica Systems, Inc.'s Motion for Leave to Supplement its Invalidity Contentions (Docket No. 97) is **GRANTED**.

### BACKGROUND

On January 30, 2008, Plaintiff brought this suit alleging that Defendant infringed U.S. Patent No. 5,794,229 ("the '229 Patent").  Plaintiff served it original Infringement Contentions on May 14, 2008, and served its Supplemental Infringement Contentions on September 22, 2008 after a review of Vertica's source code.  Defendant served its original Invalidity Contentions on July 16, 2008, and served its Supplemental Invalidity Contentions on November 21, 2008 in response to Sybase's

Supplemental Infringement Contentions.

On February 5, 2009, Plaintiff filed its motion for leave to file its first amended complaint, which adds a claim for infringement of U.S. Patent No. 5,794,228 ("the '228 Patent"), and its motion for leave to serve amended infringement contentions, which adds contentions concerning two asserted claims of the '228 Patent. On September 14, 2009, Defendant filed its motion for leave to supplement it invalidity contentions, which adds recently discovered prior art. At the *Markman* hearing on November 5, 2009, the Court inquired as to the status of the Plaintiff's pending motions and the parties advised the Court that the issues had not yet been resolved. Discovery in this case is set to close on January 28, 2010 and the case is set for trial in June 2010.

## APPLICABLE LAW

Federal Rule of Civil Procedure 16(b) allows a party to modify the Court's Docket Control Order upon a showing of good cause. FED. R. CIV. P. 16. The good cause standard requires the party seeking relief to show that, despite its exercise of diligence, it cannot reasonably meet the scheduling deadlines. *S&W Enters., L.L.C. v. Southtrust Bank of Alabama*, 315 F.3d 533, 535 (5th Cir. 2003). The Court has broad discretion to allow scheduling order modifications and considers four factors to determine if modification is appropriate: (1) the explanation for the party's failure to meet the deadline, (2) the importance of what the Court is excluding, (3) the potential prejudice if the Court allows the thing that would be excluded, and (4) the availability of a continuance to cure such prejudice. *Id.* at 536; *Alt v. Medtronic, Inc.*, No. 2:04-cv-370, 2006 WL 278868, at *2 (E.D. Tex. Feb. 1, 2006).

## ANALYSIS

*Sybase's Motion for Leave to Serve Amended Infringement Contentions*

The first factor to consider is the party's explanation for its failure to supplement before the

deadline. Sybase contends that it was not in a position to assert infringement of the '228 Patent at the time of serving its Supplemental Infringement Contentions because it was unable to determine Vertica was infringing the '228 Patent until it conducted a thorough analysis of Vertica's source code. Sybase further contends that the decision to add the '228 Patent involved due diligence beyond the actual inspection of Vertica's source code. Vertica argues that it made its complete source code available to Sybase in August 2008 and Sybase had until September 22, 2008 to complete its Supplemental Infringement Contentions. Vertica further argues that Sybase waited over four months after its deadline to seek leave to supplement its Infringement Contentions. Vertica also devotes much of its response brief to arguing that Sybase's claims under the '228 Patent are now moot because Vertica allegedly removed the unused feature in its source code that Sybase seeks to accuse. Although the Court declines to consider the merits of Sybase's claims under the '228 Patent, it nevertheless finds that Sybase has not shown that its delay in adding the '228 Patent was reasonable based on the amount of time it had to inspect Vertica's source code.

The second factor is the importance of what would be excluded. Sybase does not address the importance of adding infringement contentions concerning the '228 Patent in its briefing. Sybase simply contends that the impact of the amendment will be slight because the '228 Patent is the "sister" patent to the '229 Patent, the existing patent-in-suit, and the patents share the same inventors, specification, and filing date. The Court finds that Sybase has not demonstrated that the addition of the '228 Patent is important to this case.

The third factor is prejudice to the nonmoving party if leave is granted. Sybase contends there will be no prejudice to Vertica if Sybase is allowed to add infringement contentions concerning the '228 Patent because the '228 Patent and the '229 Patent are "sister" patents. Further, Sybase argues that its amendment would not delay the Court's schedule or the progress of the case. The

3

Court finds that the addition of the '228 Patent at this late stage of the case would cause a great deal of prejudice to not only to Vertica, but also to Sybase and the Court. The parties have concluded their claim construction briefing on the '229 Patent and the *Markman* hearing was held on November 5, 2009. Allowing Sybase to amend its infringement contentions at this late stage of litigation would require additional claim construction briefing and a supplemental *Markman* hearing. Because discovery in this case is set to close on January 28, 2010 and the case is set for trial in June 2010, allowing the amendment would significantly prejudice Vertica.

The final factor is the availability of a continuance to cure any potential prejudice. Considering that the claim construction briefing and the *Markman* hearing have already concluded, a continuance is not likely to remedy any potential prejudice that Vertica might suffer if infringement contentions concerning the '228 Patent were added to the case. *Alt v. Medtronic, Inc.*, No. 2:04-cv-370, 2005 WL 6259386, at *3 (E.D. Tex. Oct. 28, 2005).

Thus, the Court finds Sybase has not met the good cause standard required to amend its Infringement Contentions to add contentions concerning the '228 Patent. In addition, Sybase's motion for leave to file an amended complaint adding the '228 Patent is denied as moot.

*Vertica's Motion for Leave to Supplement Invalidity Contentions*

In its opposition to Vertica's motion to supplement its Invalidity Contentions, Sybase does not dispute that Vertica has met the good cause standard,[1] but instead devotes most of its response brief to arguing that Vertica does not satisfy the "justice so requires" standard of Federal Rule of Civil Procedure 15(a). That is not the appropriate standard with which to evaluate Vertica's motion

---

[1] Specifically, Sybase indicates that "the Patent Rules clearly state that *both* parties' motions should be granted upon a showing of good cause" and "Sybase believes both parties have made the requisite showing." Sybase's Opposition to Vertica's Motion for Leave to Supplement Invalidity Contentions, Docket No. 111, at 1–2.

4

for leave to supplement its invalidity contentions. Although the relevant inquiry is whether the moving party has made a showing of good cause, the Court need not address the relevant factors because Sybase agrees that Vertica has made the requisite good cause showing.

However, the Court notes that the addition of prior art references post *Markman* do not have the same implications as the addition of an entirely new patent. *See Alt v. Medtronic, Inc.*, No. 2:04-cv-370, 2006 WL 278868, at *5 (E.D. Tex. Feb. 1, 2006). Any potential prejudice that Sybase may suffer as a result of Vertica amending its invalidity contentions would likely arise in connection with the January 28, 2010 discovery deadline. This potential prejudice can easily be cured with an appropriate continuance of the discovery deadline if needed. *See id.*

## CONCLUSION

Sybase has not met the good cause standard required to amend its Infringement Contentions. Accordingly, Plaintiff Sybase, Inc.'s Motion for Leave to Serve Amended Infringement Contentions (Docket No. 53) is **DENIED** and Plaintiff Sybase, Inc.'s Motion for Leave to File First Amended Complaint for Patent Infringement (Docket No. 51) is **DENIED** as moot.

Vertica has met the good cause standard required to amend its Invalidity Contentions. Accordingly, Defendant Vertica Systems, Inc.'s Motion for Leave to Supplement its Invalidity Contentions (Docket No. 97) is **GRANTED**.

**So ORDERED and SIGNED this 30th day of November, 2009.**



_____
**LEONARD DAVIS
UNITED STATES DISTRICT JUDGE**